IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| LAWRENCE SCHIFF SILK MILLS, INC., | Bankruptcy No. 16-12396-jkf |
| Debtor. | |

**APPLICATION OF THE DEBTOR FOR AN ORDER AUTHORIZING THE DEBTOR TO EMPLOY BLANK ROME LLP AS COUNSEL, *NUNC PRO TUNC* TO APRIL 22, 2016**

The above-captioned debtor (the "*Debtor*") files this application (this "*Application*") for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtor to employ Blank Rome LLP ("*Blank Rome*") as its counsel *nunc pro tunc* to April 22, 2016. In support of this Application, the Debtor submits the affidavit of Michael B. Schaedle, a partner of Blank Rome (the "*Schaedle Declaration*"), attached hereto as **Exhibit B**. In further support of this Application, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 327(a), 328 and 330 of title 11 of the United States Code (11 U.S.C. §§ 101, *et. seq.* as amended, the "*Bankruptcy Code*"), and the rule predicates are Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and Rule 2014-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "*Local Rules*").

147748.01600/102139907v.4

**RELIEF REQUESTED**

4. By this Application, the Debtor seeks entry of an order authorizing the employment of Blank Rome pursuant to Bankruptcy Code sections 327(a), 328 and 330, Bankruptcy Rules 2014(a) and 2016 and Local Rule 2014-1, as its counsel *nunc pro tunc* to April 22, 2016.

**BACKGROUND**

5. On April 5, 2016 (the "*Petition Date*"), petitioning creditors Pyramid Realty Group LP, Aero Energy, and Grant Industries, Inc. (collectively, the "*Petitioning Creditors*") filed an involuntary petition under Chapter 11 of the Bankruptcy Code against the Debtor, commencing the above-captioned case (the "*Chapter 11 Case*").

6. On April 22, 2016 (the "*Relief Date*"), upon agreement between the Debtor and the Petitioning Creditors, the Court entered a *Consent Order for Relief in Involuntary Chapter 11 Case* [Docket No. 7] (the "*Consent Order*"). The Consent Order granted relief to the Debtor under Chapter 11 of the Bankruptcy Code effective as of the Relief Date.

7. The Debtor is managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8. As of the date of the filing of this Application, no official committee has been appointed.

9. On April 25, the Court entered its *Order For the Appointment of a Chapter 11 Trustee* [Docket No. 22].

10. On the date hereof, the Office of the United States Trustee filed its *Application For Order Approving Appointment Of Trustee* [Docket. No. 25] (the "*Trustee Application*").

-2-

11. As of the date and time of this Application, the Court has not yet entered an Order in furtherance of the Trustee Application. However, in light of the Trustee Application, Blank Rome seeks to be retained pursuant to 11 U.S.C. 327(a) only through the date that the Court enters an order in furtherance of the Trustee Application, or otherwise, the date on which this case is converted.

12. The factual background relating to the commencement of this Chapter 11 Case is set forth in detail in the *Declaration of Robert Loring, Jr. in Support of (1) Motion For an Order (A) Authorizing Debtor to Pay Certain Pre-Relief Date (I) Wages, Salaries, Bonuses, and Other Compensation, and (II) Reimbursable Employee Expenses, and; (B) Granting Related Relief and (2) Motion For an Order Pursuant To 11 U.S.C. § 1112(b) Appointing a Chapter 11 Trustee or, Alternatively, Converting Case To a Case Under Chapter 7 of the Bankruptcy Code* filed on April 22, 2016 [Docket No. 12] and incorporated herein by reference.

**RETENTION OF BLANK ROME**

13. The Debtor has determined that it is necessary to engage attorneys with knowledge and experience in, among other areas, corporate restructuring and bankruptcy, finance and litigation. The Debtor seeks to employ Blank Rome as counsel because of Blank Rome's extensive knowledge and experience in such fields, including debtors' and creditors' rights and business reorganizations and liquidations under chapter 11 of the Bankruptcy Code, and because of its expertise, experience and knowledge in practicing before this Court. Prior to and since the Relief Date, Blank Rome has become familiar with the Debtor's business and affairs and legal issues they face. The Debtor believes that Blank Rome is both well-qualified and uniquely able to represent it in this Chapter 11 Case in an efficient and timely manner.

## SERVICES TO BE RENDERED

14. The professional services that Blank Rome will render to the Debtor include, but shall not be limited to, the following:

   (a) advising the Debtor with respect to its rights, powers and duties as debtor and debtor in possession;

   (b) attending meetings and negotiating with representatives of creditors and other parties-in-interest as needed;

   (c) advising and consulting the Debtor regarding the conduct of this case, including all of the legal and administrative requirements of chapter 11 of the Bankruptcy Code;

   (d) advising the Debtor as needed on matters relating to the evaluation of the assumption, rejection or assignment of unexpired leases and executory contracts;

   (e) taking all necessary action to protect and preserve the Debtor's estate while the Debtor remains a debtor in possession;

   (f) assisting in preparing on behalf of the Debtor's motions applications, answers, orders, reports, and papers in connection with the administration of the Debtor's estate, coordinating service of the same and prosecuting the same;

   (g) appearing before this Court, any appellate courts, and the Office of the United States Trustee (the "**OUST**"), and protecting the interests of the Debtor's estate before such courts and the Office of the United States Trustee; and

   (h) performing all other necessary legal services and providing all other necessary legal advice to the Debtor in connection with the Debtor's role in this Chapter 11 Case.

15. Blank Rome has agreed to act on behalf of, and to render such services to, the Debtor.

## DISINTERESTEDNESS OF BLANK ROME

16. To the best of the Debtor's knowledge, except as set forth in the Schaedle Declaration, the Debtor believes that: (a) Blank Rome has no connections with the Debtor, its affiliates, its creditors, the OUST or any other party with actual or potential interests in this Chapter 11 Case or their respective professionals; (b) Blank Rome is not a creditor, equity security holder or insider of the Debtor, (c) none of Blank Rome's lawyers are, or were within two years of the Relief Date, directors, officers or employees of the Debtor, and (d) Blank Rome neither holds nor represents

-4-

an interest materially adverse to the Debtor or its estate.

17. Accordingly, the Debtor believes that Blank Rome is a "disinterested person" within the meaning of section 101(14), as modified by Bankruptcy Code section 1107(b), and that Blank Rome's representation of the Debtor is permissible under Bankruptcy Code sections 327(a) and 328 and is in the best interests of creditors and parties-in-interest.

18. Blank Rome is conducting a continuing inquiry into any matters that may affect its disinterested status. In the event additional or supplemental disclosure is necessary, Blank Rome will file a supplemental verified statement setting forth any facts and circumstances relevant thereto.

### PRE-RELIEF DATE SERVICES RENDERED

19. Blank Rome has represented the Debtor since April 6, 2016 in connection with this involuntary case. On and after that date, but prior to the Relief Date, Blank Rome received advance retainer payments totaling $80,000, funded by the Debtor's ultimate parent, Revolution Capital Group, LLC ("**RCG**") on account of and for the benefit of the Debtor. Through the Relief Date, Blank Rome received compensation for fees and reimbursement for expenses related to such services in accordance with Blank Rome's customary billing practices in the aggregate amount of $68,356.82, which was deducted from retainer funds. Blank Rome currently holds a retainer balance in the amount of $11,643.18. Blank Rome will apply the remaining balance of the retainer as a credit toward allowed post-Relief Date fees and expenses until the retainer is fully exhausted before seeking further payment from the Debtor on account of any allowed post-Relief Date fees and expenses.[1]

---

[1] In light of the Trustee Application, to the extent that a Chapter 11 Trustee is appointed or this Chapter 11 Case is converted to a case under chapter 7 of the Bankruptcy Code, Blank Rome will return to RCG any retainer balance that is not (i) applied as a credit toward Blank Rome's allowed but unpaid fees and expenses in connection with its services provided to the Debtor after the Relief Date but prior to or on the date of the Trustee's appointment or the conversion date; or (ii) held in escrow by Blank Rome as estimated fees and expenses in connection with services to be provided to the Debtor after the date of the Trustee's appointment or the conversion date, which services may
(continued...)

-5-

## PROFESSIONAL COMPENSATION

20. The Debtor seeks the employment of Blank Rome as its attorneys pursuant to Bankruptcy Code section 327(a), which provides that a debtor, subject to Court approval —

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

21. The Debtor submits that for all of the reasons stated above, and in the Schaedle Declaration, the employment of Blank Rome as counsel to the Debtor under Bankruptcy Code section 327(a) is warranted. Further, as stated in the Schaedle Declaration, Blank Rome is a "disinterested person" within the meaning of Bankruptcy Code section 101(14), as required by Bankruptcy Code section 327(a), and does not hold or represent an interest adverse to the Debtor's estate and has no connection to the Debtor, its creditors or its related parties, except as may otherwise be disclosed in the Schaedle Declaration. Accordingly, the retention of Blank Rome as counsel to the Debtor should be approved.

22. Pursuant to Bankruptcy Code section 328, the Debtor may further employ Blank Rome on any reasonable terms and conditions. The Debtor submits that the most reasonable terms and conditions are those charged by Blank Rome to the Debtor and other clients on an hourly basis in a competitive market for legal services. Therefore, the Debtor and Blank Rome have agreed that Blank Rome shall be paid its customary hourly rates for services that are in effect from time to time,

---

(continued...)

include, but are not limited to, (a) representation of the Debtor at the section 341 meeting of creditors and at any Court hearings and (b) the prosecution of any motions or applications of the Debtor or its retained professionals that are filed after, or pending as of, the date of the Trustee's appointment or the conversion date.

-6-

as set forth in the Schaedle Declaration, and shall be reimbursed according to Blank Rome's customary reimbursement policies and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders relevant thereto, for all services performed and expenses incurred from and after the proposed retention date.

23.   Blank Rome categorizes its billings by subject matter. Blank Rome agrees to charge, and the Debtor has agreed to pay, subject to this Court's approval under Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, and the Local Rules, Blank Rome's hourly rates as of January 1, 2016, which are adjusted from time to time, and range from $400.00 to $1,050.00 for partners, from $405.00 to $820.00 for counsel, from $280.00 to $565.00 for associates, and from $115.00 to $450.00 for paralegals. Blank Rome is customarily reimbursed for all expenses it incurs in connection with its representation of a client in a given matter. Such expenses include, without limitation, travel costs, telecommunications, express mail, messenger service, photocopying costs, document processing, computerized research charges, court fees and transcript costs.

24.   The Debtor understands that, from time to time, it may be necessary for professionals and paraprofessionals employed by Blank Rome, other than those set forth in the Schaedle Declaration, to provide services to the Debtor. The Debtor further understands that the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions, which adjustments typically occur in May of each year, but may also occur at other times during the calendar year. The Debtor consents to such ordinary rate increases.

25.   Blank Rome understands and acknowledges that all amounts paid to Blank Rome during this Chapter 11 Case are subject to final allowance by this Court. Blank Rome therefore intends to apply to this Court for periodic allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the

147748.01600/102139907v.4

Local Rules and any orders relevant thereto for all services performed and expenses incurred after the proposed employment date.

26. No arrangement is proposed between the Debtor and Blank Rome for compensation to be paid in this case other than as set forth above and in the Schaedle Declaration.

## **NOTICE**

27. Pursuant to Local Rule 2014-1, the Debtor has provided notice of this Application to: (a) the Office of the United States Trustee for the Eastern District of Pennsylvania; and (b) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is necessary.

## **NO PRIOR REQUEST**

28. No prior application for the relief requested herein as it relates to Blank Rome has been made to this or any other court.

*[Remainder of page intentionally left blank]*

-8-

147748.01600/102139907v.4

WHEREFORE, the Debtor respectfully requests that the Court enter the proposed form of order substantially in the form attached hereto as **Exhibit A** (i) approving the Debtor's employment of Blank Rome as its counsel pursuant to 11 U.S.C. §§ 327(a), 328 and 330, Bankruptcy Rules 2014(a) and 2016 and Local Rule 2014-1, *nunc pro tunc* to the Relief Date, and (ii) granting such other and further relief as this Court deems just, proper, and equitable.

Executed on April 29, 2016

Robert Loring, Jr.
Chief Executive Officer
Lawrence Schiff Silk Mills, Inc.

147748.01600/102139907v.4