# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LAWRENCE SCHIFF SILK MILLS, INC., | : | Case No. 16-12396 (JKF) |
| | : | |
| Debtor | : | |
| | : | |

## ORDER (A) APPROVING BIDDING PROCEDURES RELATING TO SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (B) APPROVING STALKING HORSE ASSET PURCHASE AGREEMENT, (C) SCHEDULING A HEARING TO CONSIDER THE SALE, (D) APPROVING THE FORM AND MANNER OF NOTICE OF SALE BY COMPETITIVE SALE PROCESS, (E) ESTABLISHING PROCEDURES FOR NOTICING AND DETERMINING CURE AMOUNTS, AND (F) GRANTING RELATED RELIEF

Upon the Motion[1] of the Trustee for entry of an order (a) approving the Bidding Procedures attached hereto as Exhibit "1" with respect to the proposed Sale of substantially all of the Acquired Assets in connection with that certain Agreement by and between the Trustee and the Prospective Purchaser, which has been filed with the Court, (b) approving the form of the Agreement, (c) establishing the date, time and place for the Sale Hearing, (d) approving the form and manner of notice of the Sale Notice, (e) establishing procedures for the form and manner of the Assumption and Assignment Notice, and (f) granting related relief; and it appearing that notice of the Motion is appropriate under the circumstances and that no other or further notice need be given; and upon the record presented to the Court at the hearing in this matter; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and upon the record herein; and it appearing that the relief requested by the Motion is in the best interest of the Debtor, its estate, its creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

[1] Capitalized terms used but not otherwise defined herein shall have those meanings ascribed to them in the Motion and the Agreement and, to the extent of any inconsistency, the Agreement shall govern.

1

## IT IS HEREBY FOUND, DETERMINED AND CONCLUDED THAT:[2]

A.     This court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N) and (O). Venue is proper in this district and in this court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.     The statutory predicates for the relief requested herein are Sections 105(a), 363(b) and (f), 365, 503, and 507 of Title 11 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 6004(a), (b), (c), (e), (f), and (h), 6006, 9007, and 9014.

C.     The notice of the Motion provided to the Motion Notice Parties (as defined below) is sufficient in light of the circumstances and the nature of the relief requested herein.

D.     The Trustee has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion regarding the sale process for the Acquired Assets, including, without limitation: (i) approving the Bidding Procedures; (ii) approving the form of the Agreement; (iii) scheduling a Sale Hearing; (iv) approving the Sale Notice; and (v) approving the Assumption and Assignment Notice.

E.     The Bidding Procedures were designed in good faith by the Trustee in order to maximize the value of the Acquired Assets, and they were negotiated in good faith by the Trustee with the Prospective Purchaser. The Bidding Procedures are reasonable and appropriate for the sale of the Acquired Assets.

F.     The Bid Protections, as modified by this Order, are the product of extensive arm's-length negotiations between the Trustee and the Prospective Purchaser. Accordingly, payment of the Bid Protections, as modified by this Order, under the circumstances described in

---

[2] The findings and conclusions set forth herein constitute the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

the Agreement are: (i) actual and necessary costs and expenses of preserving the Debtor's estate within the meaning of Sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code; (ii) commensurate with the real and substantial benefit conferred upon the Debtor's estate by the Prospective Purchaser; (iii) reasonable and appropriate, in light of the size and nature of the proposed sale transaction and comparable transactions, the commitments that have been made, and the costs and efforts that have been and will be expended by the Prospective Purchaser; and (iv) necessary to induce the Prospective Purchaser to continue to pursue the sale transaction and to continue to be bound by the Agreement.

G.     The Bid Protections, as modified by this Order, also induced the Prospective Purchaser to submit a bid that will serve as a minimum floor bid on which the Trustee, the creditors of the Debtor, and other bidders may rely. The Prospective Purchaser has provided a material benefit to the Trustee and the creditors of the Debtor by increasing the likelihood that the Trustee will receive the best possible price for the Acquired Assets. The Bid Protections will not adversely impact the Trustee, the estate, or the creditors. Accordingly, the Bidding Procedures, including the Bid Protections, as modified by this Order, are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Debtor's estate.

H.     The Sale Notice attached hereto as Exhibit "2" is reasonably calculated to provide all interested parties with timely and proper notice of the Sale, the Sale Hearing, and the Competitive Sale Process.

I.     The Assumption and Assignment Notice attached hereto as Exhibit "3" is reasonably calculated to provide all Contract Parties with proper notice of the potential

3

assumption and assignment of such executory contracts or unexpired leases and any cure amounts relating thereto.

J.      The entry of this Order is in the best interests of the Debtor, its estate, creditors, and other parties in interest.

**NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED.

2.      The Bidding Procedures and scheduling relief with respect to scheduling requested in the Motion are approved and granted as set forth herein.

3.      All objections to the relief requested in the Motion with respect to the Bidding Procedures that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion are overruled on the merits, except as otherwise set forth herein.

4.      The Bidding Procedures attached hereto as Exhibit "1", including the Bid Protections, as modified by this Order, are hereby approved and fully incorporated into this Order, and shall apply with respect to the proposed sale of the Acquired Assets.  The Trustee is authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

5.      The Sale Notice attached hereto as Exhibit "2" provides proper notice of the subject matter addressed therein to all parties in interest and is hereby approved.

6.      The Assumption and Assignment Notice attached hereto as Exhibit "3" provides proper notice of the subject matter addressed therein, including the assumption and assignment of the Assumed and Assigned Agreements, to all parties in interest (including, specifically, the Contract Parties), and is hereby approved.

4

PHIL1 5398756v.2

7.     Within one (1) business day of the entry of this Order, the Trustee shall serve by first class mail, postage prepaid, copies of: (a) this Order; (b) the Motion; (c) the Sale Notice; and (d) the Assumption and Assignment Notice (collectively, the "Service Documents"), upon the following entities: (i) the Office of the United States Trustee; (ii) counsel to the Petitioning Creditors; (iii) all taxing authorities having jurisdiction over any of the Acquired Assets subject to the sale, including the Internal Revenue Service; (iv) any parties that have requested special notice pursuant to Bankruptcy Rule 2002; (v) all Contract Parties; and (vi) counsel to the Prospective Purchaser; and within one (1) business day of the entry of this order, the Trustee shall serve by electronic mail or courier copies of the Service Documents upon (vii) all potential bidders previously identified or otherwise known to the Debtor or the Trustee (collectively, the "Motion Notice Parties").

8.     The deadline for submitting a Qualified Bid (as such term is defined in the Bidding Procedures) shall be June 28, 2016 at 4:00 p.m. (prevailing Eastern Time) (the "Bid Deadline"). Notwithstanding anything in the Bidding Procedures to the contrary, the Prospective Purchaser shall be deemed a Qualified Bidder and the Agreement shall be deemed a Qualified Bid.

9.     A Qualified Bidder (as defined in the Bidding Procedures) that desires to make a Bid shall comply with the requirements set forth in the Bidding Procedures in submitting its Bid for the Acquired Assets, including, without limitation, submitting a Confidentiality Agreement and Financials (as defined in the Bidding Procedures) prior to participating in the sale process, and delivering its Bid by the Bid Deadline.

10.     Not later than June 28 at 7:00 p.m. (prevailing Eastern Time), the Trustee will notify all Qualified Bidders of the relevant terms of the highest or otherwise best Qualified Bid, which will provide the starting Bid for the Competitive Sale Process.

11.     If the Trustee does not receive any Qualified Bids other than the Agreement, he shall not hold the Competitive Sale Process, and the Prospective Purchaser will be named the Successful Bidder (as such term is defined in the Bidding Procedures).

12.     To the extent at least one Qualified Bid, other than the Prospective Purchaser's Bid, is timely received, the Trustee shall conduct the Competitive Sale Process, which shall commence at 10:00 a.m. (prevailing Eastern Time) on June 29, 2016 by telephone.

13.     All bidders submitting a Qualified Bid are deemed to have submitted to the exclusive jurisdiction of the Bankruptcy Court with respect to all matters related to the Competitive Sale Process and the terms and conditions of the transfer of the Acquired Assets.

14.     In accordance with Local Rule 6004-1(c), in connection with the Competitive Sale Process, (a) each bidder participating at the Competitive Sale Process will be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale; and (b) bidding at the Competitive Sale Process may be transcribed or videotaped in a manner determined by the Trustee.

15.     Upon conclusion of the bidding, the Competitive Sale Process shall be closed, and the Trustee, in consultation with his advisors, will determine which Bid is the Successful Bid (as such term is defined in the Bidding Procedures) and the entity which is the Successful Bidder. The Trustee will notify the Qualified Bidders participating in the Competitive Sale Process of the Successful Bid and the Successful Bidder upon making its determination. The Trustee will also notify the Qualified Bidders participating in the Competitive Sale Process of the next highest and

6

best Qualified Bid (the "Back-Up Bid" and, the party submitting the Back-Up Bid, the "Back-Up Bidder").

16.    The Trustee shall sell the Acquired Assets to the Successful Bidder upon approval of the Successful Bid by the Bankruptcy Court after the Sale Hearing. The Trustee's presentation of a particular Qualified Bid to the Bankruptcy Court for approval does not constitute the Trustee's acceptance of the Bid. The Trustee will be deemed to have accepted a Bid only when the Bid has been approved by the Court at the Sale Hearing.

17.    In the event that the Successful Bid is approved by the Bankruptcy Court but the Successful Bidder fails to close the transaction, the Trustee may sell the Acquired Assets to the Back-Up Bidder, provided the Back-Up Bid is approved by the Bankruptcy Court, after the Sale Hearing.

18.    The Court shall conduct the Sale Hearing commencing on June 30, 2016 at 11:30 a.m. (prevailing Eastern Time), at Court Room 3, United States Bankruptcy Court, Robert N.C. Nix, Sr. Federal Courthouse, 900 Market Street, Philadelphia, Pennsylvania, at which time the Court will consider approval of the Sale to the Successful Bidder and the Back-Up Bidder, as determined in connection with the Bidding Procedures.

19.    Objections, if any, to the proposed Sale, including, without limitation, objections to the sale of the Acquired Assets free and clear of liens, claims, encumbrances and interests pursuant to Section 363(f) of the Bankruptcy Code, shall (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) be filed with the Clerk of the United States Bankruptcy Court for the Eastern District of Pennsylvania 900 Market Street, Suite 400, Philadelphia, PA 19107, at or before the time set for the Sale Hearing (the "Sale Objection

7

Deadline"); and (d) be served so as to be received by the Sale Objection Deadline by following parties (the "Service Parties"):

a. Counsel to the Trustee, Klehr Harrison Harvey Branzburg LLP, 1835 Market Street, Suite 1400, Philadelphia, PA 19103, Attn: Richard M. Beck, Esquire;

b. Counsel to the Petitioning Creditors, Kurtzman Steady, LLC, 401 S. 2nd Street, Suite 301, Philadelphia, PA 19147, Attn: Jeffrey Kurtzman, Esquire;

c. The Office of the United States Trustee, 833 Chestnut Street, Suite 500, Philadelphia, PA 19107; and

d. Counsel to the Prospective Purchaser, William G. Kiesling, Vice President—Legal and Licensing and General Counsel, CSS Industries, Inc., Interchange Corporate Center, 450 Plymouth Road, Suite 300, Plymouth Meeting, PA 19462.

20.    On or before June 17, 2016, the Trustee shall file with the Court and serve by first class United States Mail, postage pre-paid, a copy of the Assumption and Assignment Notice, including the proposed Cure Amounts, and evidence of adequate assurance of future performance of the Prospective Purchaser, on all Contract Parties to the Assumed and Assigned Agreements.  Each Contract Party shall, on or before 4:00 p.m. (prevailing Eastern Time) on June 29, 2016, (the "Assignment Objection Deadline"), file and serve any objection to the assumption and assignment of the Assumed and Assigned Agreement including, without limitation, objecting to the Cure Amounts and/or adequate assurance of future performance of the Prospective Purchaser, but excluding any objection to adequate assurance of future performance of any other Qualified Bidder, which shall be served not later than the Qualified Bid Assignment Objection Deadline, as defined herein.  All objections shall (a) be in writing; (b) as applicable, state with specificity (i) the Cure Amount that the Contract Party believes is required, and/or (ii) the adequate assurance of future performance that the Contract Party believes is

8

required; (c) comply with the Bankruptcy Rules and the Local Rules; (d) be filed with the Clerk of the United States Bankruptcy Court for the Eastern District of Pennsylvania, 900 Market Street, Suite 400, Philadelphia, PA 19107; and (e) be served so as to be received by the Assignment Objection Deadline by the Service Parties.

21.     In the event other Qualified Bids are received by the Trustee, the Trustee shall, within one (1) day after the Bid Deadline, serve on all Contract Parties any further Assumption and Assignment Notice that may be required by the terms of such Qualifying Bid and evidence of adequate assurance of future performance by any Qualifying Bidder.   In the event the Competitive Sale Process results in a Successful Bidder other than the Prospective Purchaser, the deadline for asserting an objection to the assumption and assignment of the Assumed and Assigned Agreements to such Successful Bidder based upon adequate assurance of future performance only shall be June 29, 2016 at 4:00 p.m. (prevailing Eastern Time) (the "Qualified Bid Assignment Objection Deadline").

22.     Unless an objection to the assumption and assignment of an Assumed and Assigned Agreement is filed and served before Assignment Objection Deadline, or the Qualified Bid Assignment Objection Deadline, as may be applicable, all Contract Parties to each Assumed and Assigned Agreement shall be (a) forever barred from objecting to the proposed Cure Amounts and from asserting any additional cure or other amounts with respect to each Assumed and Assigned Agreement, and the Trustee and Prospective Purchaser or other Successful Bidder, as applicable, shall be entitled to rely solely upon the proposed Cure Amounts set forth in the Assumption and Assignment Notices; (b) deemed to have consented to the Trustee's assumption and assignment of the Assumed and Assigned Agreement; and (c) forever barred and estopped from asserting or claiming against the Trustee, the Debtor, or Prospective Purchaser or other

9

Successful Bidder, as applicable, (i) that any additional amounts are due or other defaults exist, (ii) that any conditions to assignment must be satisfied under such Assumed and Assigned Agreement, or (iii) that there is any objection or defense to the assumption and assignment of such Assumed and Assigned Agreement.

23.     Any objection to the proposed Cure Amounts (a "Disputed Cure Amount") which is timely filed and served by any Contract Party in accordance with the Assumption and Assignment Notice, and which is not otherwise resolved by the parties, will be heard at the Sale Hearing. Pending a ruling on such objection, if not made at the Sale Hearing, the amount necessary to satisfy the Disputed Cure Amount will be reserved and paid upon a final Court order determining the correct cure amount and will be paid as provided in the Agreement, to the extent the Assumed and Assigned Agreement ultimately is assumed and assigned to the Prospective Purchaser or other Successful Bidder. All other objections to the proposed assumption and assignment of an Assumed and Assigned Agreement will be heard at the Sale Hearing.

24.     For the avoidance of doubt, no Assumed and Assigned Agreement will be assumed and assigned to the Prospective Purchaser or other Successful Bidder, as applicable, until such time as the Sale Order has been entered and the transactions contemplated by the Agreement or other purchase agreement of the other Successful Bidder, as applicable, has been consummated and closed (the "Closing"). The Trustee may decline to assume or to assume and assign any Assumed and Assigned Agreement prior to Closing.

25.     In accordance with the terms set forth in the Agreement, if the Court approves, and the Trustee consummates, the sale of substantially all of the Acquired Assets to a person or entity other than the Prospective Purchaser, the Trustee is authorized to pay to the Prospective

Purchaser the Bid Protections in an aggregate amount of three *per cent* (3%) of the purchase price ($27,000.00) from the proceeds of the sale at the Closing.

26.     To the extent payable, the Bid Protections, as modified by this Order, shall constitute superpriority claims with priority over any and all administrative expenses of the kind specified in Sections 503(b) and 507(b) of the Bankruptcy Code.

27.     The Sale of the Acquired Assets is consistent with Section 363(b)(l)(A) of the Bankruptcy Code and the Debtor's privacy policy, and no consumer privacy ombudsman is necessary in connection with the Sale.

28.     This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

29.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

30.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006, 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Order.

31.     The Trustee is authorized to take all actions necessary to implement this Order.

32.     This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order and the Bidding Procedures.

Dated: June 15, 2016

BY THE COURT:

THE HONORABLE JEAN K. FITZSIMON
U.S. BANKRUPTCY JUDGE

11

**<u>Exhibit "1"</u>**
Bidding Procedures

1

## BIDDING PROCEDURES[1]

An order for relief has been entered against Lawrence Schiff Silk Mills, Inc. (the "Debtor") in a Chapter 11 case pending in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court"), under Case No. 16-12396 (JKF). On May 2, 2016, the Bankruptcy Court entered an order appointing William G. Schwab (the "Trustee") as trustee for the Debtor's estate. By order dated June 15, 2016 (the "Bidding Procedures Order"), the Bankruptcy Court approved the process and procedures set forth below (the "Bidding Procedures") to effectuate the sale of substantially all of the Debtor's assets. The Bidding Procedures are designed to facilitate a full and fair bidding process to maximize the value of the Debtor's assets for the benefit of the Debtor's creditors and its bankruptcy estate.

The Bidding Procedures and the Bidding Procedures Order contemplate that on June 30, 2016, at 11:30 am (prevailing Eastern Time), as further described below, the Bankruptcy Court shall conduct a hearing (the "Sale Hearing") at which the Trustee will request the entry of an order (the "Sale Order") authorizing and approving the sale of the Acquired Assets (the "Proposed Sale") to the Prospective Purchaser or to the Successful Bidder (as defined below).

### Asset Purchase Agreement

On June 14, 2016, the Trustee entered into an asset purchase agreement (the "Agreement") with the Prospective Purchaser, pursuant to which the Prospective Purchaser has agreed to acquire the Acquired Assets. The assets to be purchased as part of the Sale do not

---

[1] Capitalized terms used but otherwise not defined herein shall have those meanings ascribed to them in the motion for entry of: (a) the Bidding Procedures Order, (i) approving the Bid Procedures, (ii) approving the form of the Agreement; (iii) scheduling the Sale Hearing and setting objection and bidding deadlines with respect to the Sale, (iv) approving the Competitive Sale Process, (v) establishing procedures to determine cure amounts and deadlines for objections to the assumption and assignment of the Assumed and Assigned Agreements, and (vi) granting related relief; and (b) the Sale Order, (i) authorizing the Sale of substantially all of the Debtor's assets outside the ordinary course of business, (ii) authorizing the Sale of assets free and clear of liens, claims, encumbrances, and interests, (iii) authorizing the assumption and assignment of the Assumed and Assigned Agreements, and (iv) granting related relief (the "Motion"). To the extent of any inconsistency, the Agreement shall govern.

1

include the Excluded Assets described in the Agreement. Pursuant to the Agreement, the Prospective Purchaser has agreed to provide consideration for the Acquired Assets in an amount equal to the purchase price. The sale contemplated by the Agreement is subject to competitive bidding, as set forth herein, and approval by the Bankruptcy Court pursuant to Sections 363 and 365 of Title 11 of the United States Code (the "Bankruptcy Code"). The Agreement also contemplates that if the Bankruptcy Court approves, and the Trustee consummates, the sale of substantially all of the Acquired Assets to a person or entity other than the Prospective Purchaser in connection with these Bidding Procedures, the Prospective Purchaser will be entitled to receive a break-up fee in the amount of three *per cent* (3%) of the consideration described in the Agreement (the "Bid Protections"), for a total amount of $27,000.00.

### Competitive Bidding Process

**Participation Requirements**

In order to participate in the competitive bidding process, each person or entity intending to bid on the Acquired Assets (a "Potential Bidder") must first deliver (unless previously delivered) to the Trustee and the Trustee's counsel the following items (collectively, the "Participation Requirements"):

Confidentiality Agreement. An executed confidentiality agreement in form and substance reasonably acceptable to the Trustee (each a "Confidentiality Agreement"); and

Proof of Financial Ability to Perform. The most current audited and latest unaudited financial statements (collectively, the "Financials") of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of the Proposed Sale, Financials of the equity holder(s) of the Potential Bidder or such other form of financial disclosure evidencing the Potential Bidder's ability to close the Sale, the sufficiency of which shall be determined by the Trustee in his reasonable discretion.

Within one (1) business day after a Potential Bidder submits all of the documents necessary to satisfy the Participation Requirements, the Trustee, upon consultation with his

2

advisors, shall determine whether the Potential Bidder has met the Participation Requirements and shall notify the Potential Bidder as to that determination. Only upon satisfaction of all Participation Requirements will the Potential Bidder be deemed a "Qualified Bidder" eligible to participate in the bidding for the Acquired Assets.

**Access to Due Diligence Materials**

Upon satisfaction of the Participation Requirements and the designation of a Potential Bidder as a Qualified Bidder, the Trustee will afford each Qualified Bidder due diligence access to the Acquired Assets; provided, however, that the Trustee will have no obligation to provide due diligence access after the Bid Deadline (defined below).

**Bid Deadline**

**The deadline for Qualified Bidders to submit bids for the Acquired Assets shall be June 28, 2016, at 4:00 p.m. (prevailing Eastern Time) (the "Bid Deadline"). A bid received after the Bid Deadline shall not constitute a Qualified Bid (as defined below).**

Prior to the Bid Deadline, a Qualified Bidder that desires to make an offer, solicitation or proposal for the Acquired Assets (a "Bid") shall deliver written copies of its Bid so as to be received on or before the Bid Deadline by the Trustee and counsel to the Trustee as follows: (i) William G. Schwab and Associates, 811 Blakeslee Blvd. Drive East, Lehighton, PA 18325, Attn: William G. Schwab, Esquire, Fax: 610-377-5209, Email: schwab@uslawcenter.com; and (ii) Klehr Harrison Harvey Branzburg LLP, 1835 Market Street, Suite 1400, Philadelphia, PA 19103, Attn: Richard M. Beck, Esquire, Fax: 215-568-6603, Email: rbeck@klehr.com. The Bid may be sent by fax or email in addition to other methods of delivery, provided that the Bid is received by the Trustee before the Bid Deadline.

3

**Determination of Qualified Bid Status**

To be eligible to participate in the bidding process for the Acquired Assets, each Qualified Bidder must deliver a written Bid to the Trustee and the other required parties by the Bid Deadline that complies with all of the following conditions:

Modified Agreement. The Bid shall include an execution copy of the proposed asset purchase agreement signed by an authorized representative of the Qualified Bidder (the "Modified Agreement") and a black-lined copy of the Modified Agreement compared against the Agreement to show all changes requested by the Qualified Bidder, including, without limitation, those related to the purchase price and other modifications; provided, however, that the terms of the Modified Agreement must be in all respects substantially the same or better than the terms of the Agreement.

Acquired Assets. Each Bid shall be for some or all of the Acquired Assets.

Assumption of Agreements. The Modified Agreement must identify which of the Assumed and Assigned Agreements such Qualified Bidder seeks to assume.

Contingencies. A Bid may not be conditioned on obtaining financing, inspection, internal approval or on the outcome or review of due diligence, but may be subject to the accuracy in all material respects at the closing of specified representations and warranties or the satisfaction in all material respects at the closing of specified conditions, none of which shall be more burdensome than those set forth in the Agreement.

Authorization to Bid. A Bid shall include evidence of authorization and approval from such Qualified Bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the Modified Agreement.

Good Faith Deposit. Each Bid must be accompanied by a deposit in the form in the form of a wire transfer, certified check or cashier's check and in an amount equal to ten percent (10%) of the total consideration contemplated by the Bid to be deposited in an interest-bearing escrow account by the Trustee's counsel, Klehr Harrison Harvey Branzburg LLP (the "Good Faith Deposit").

Minimum Bid Requirements. Each Qualified Bidder's Bid must have a purchase price that includes consideration that is at least $947,000.00 allocated to the Acquired Assets (the "Minimum Initial Bid") and may include additional consideration allocated to the Excluded Assets.

No Fees or Representations. A Bid must not include or request that the Qualified Bidder be entitled to any transaction or break-up fee, expense reimbursement, termination or similar type of fee or payment, and it shall include the acknowledgement and representation of the Qualified Bidder that (a) the purchase of the Acquired Assets is on an **"as-is"** and **"with all faults"** basis and without representations, warranties or

4

guarantees, express, implied or statutory, written or oral, of any kind, nature or description, by the Trustee, his agents, his representatives or the Debtor's estate, except as otherwise specifically provided in a definitive purchase agreement with the Trustee; and (b) the Qualified Bidder has had an opportunity to conduct any and all due diligence regarding the Acquired Assets prior to making its offer, that it has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Acquired Assets in making its bid, and that it did not rely upon any written or oral statements, representations, warranties, or guarantees, express, implied, statutory or otherwise, regarding the Acquired Assets, the financial performance of the Acquired Assets or the physical condition of the Acquired Assets, or the completeness of any information provided in connection therewith or in connection with the Competitive Sale Process, except as expressly stated in the Bidding Procedures or the Agreement.

Other Evidence. Each Bid must contain evidence satisfactory to the Trustee that the bidder is reasonably likely (based on availability of financing, experience and other considerations) to, among other things, satisfy the standard to provide adequate assurance of future performance of any Contracts to be assumed and assigned under Section 365 of the Bankruptcy Code, and be able to timely consummate a purchase of the Acquired Assets if selected as the Successful Bidder.

A Bid received from a Qualified Bidder before the Bid Deadline that meets the above requirements, as determined in the Trustee's reasonable discretion (taking into account the terms and conditions of any assumed debt obligations), and that satisfies the Bid Deadline requirement, shall constitute a qualified bid ("Qualified Bid").  In the event that a Bid is determined not to be a Qualified Bid in accordance with the conditions set forth above, the Qualified Bidder shall be notified promptly and shall be refunded its Good Faith Deposit (if any) within three (3) business days after such determination.

Notwithstanding anything in these Bidding Procedures to the contrary, the Prospective Purchaser shall be deemed a Qualified Bidder and the Agreement shall be deemed to constitute a Qualified Bid.

**Bid Protections**

The Trustee has agreed that the Trustee must, in the circumstances enumerated in the Agreement, pay to the Prospective Purchaser the Bid Protections, and the Bankruptcy Court has approved the Bid Protections, which Bid Protections shall be $27,000.00.  The payment of the

5

Bid Protections shall be governed by the provisions of the Agreement and the Bidding Procedures Order. No Qualified Bidder other than the Prospective Purchaser shall be entitled to the Bid Protections or similar payment.

**No Qualifying Bids**

If no timely, conforming Qualifying Bids for the Acquired Assets are submitted by the Bid Deadline, the Trustee shall not hold the Competitive Sale Process for the Acquired Assets and the Prospective Purchaser will be deemed the Successful Bidder.

<u>**Competitive Sale Process**</u>

In the event that the Trustee receives at least one (1) Qualified Bid (other than the Agreement) by the Bid Deadline, the Trustee shall conduct a Competitive Sale Process of the Acquired Assets to determine the highest and otherwise best bid with respect to the Acquired Assets. No later than June 28, 2016 at 7:00 p.m. (prevailing Eastern Time), the Trustee will notify all Qualified Bidders of the highest or otherwise best Qualified Bid as of that time (the "Baseline Bid"). The Competitive Sale Process shall commence at 10:00 a.m. (prevailing Eastern Time) on June 29, 2016 by telephone.

The Competitive Sale Process shall be conducted according to the following procedures, which may be modified or amended as announced by the Trustee from time to time at the Competitive Sale Process.

**Participation in the Competitive Sale Process**

Only the Trustee, the Prospective Purchaser, and any Qualified Bidder who has timely submitted a Qualified Bid (and professional advisors to each of these parties), may attend the Competitive Sale Process. The ability to attend the Competitive Sale Process does not entitle any person to participate as a bidder at the Competitive Sale Process other than the Prospective

6

Purchaser and any Qualified Bidder who has timely submitted a Qualified Bid (and professional advisors to such parties).

Only the Prospective Purchaser and other Qualified Bidders may make subsequent Qualified Bids at the Competitive Sale Process. The Trustee and his professional advisors shall direct and preside over the Competitive Sale Process. Bidding at the Competitive Sale Process shall begin with the Baseline Bid, which, in the event such Baseline Bid is not that of the Prospective Purchaser, shall be in an amount at least equal to the Minimum Initial Bid. All Bids made thereafter shall be Overbids (as defined below), shall be made and received on an open basis, and all material terms of each subsequent Bid shall be fully disclosed to all other Qualified Bidders and the Prospective Purchaser. The Trustee may maintain a transcript of all Bids made and announced at the Competitive Sale Process, including the Baseline Bid, all Overbids, and the Successful Bid (as defined below).

Each Qualified Bidder will be required to affirm on the record at the Competitive Sale Process that they have not colluded with any other person with respect to the bidding prior to or at the Competitive Sale Process.

**Terms of Overbids**

An "Overbid" is any Qualified Bid made at the Competitive Sale Process subsequent to the Trustee's announcement of the Baseline Bid that meets the following requirements: Any Qualified Bidder's Overbid shall include consideration that is valued by the Trustee in his reasonable discretion at least $10,000.00 in excess of the previous Bid.

Each Overbid must comply with the conditions for a Qualified Bid. Any Overbid made by a Qualified Bidder must remain open and binding on the Qualified Bidder until and unless the Trustee accepts a higher Qualified Bid as determined by the Trustee. The Trustee shall announce at the Competitive Sale Process the material terms of each Overbid and the basis for calculating

7

the total consideration offered in each such Overbid. The Trustee will continue to accept Overbids at the Competitive Sale Process for a reasonable period of time or until Qualified Bidders decline to submit further Overbids, in the Trustee's reasonable discretion.

**Closing the Competitive Sale Process**

Upon conclusion of the bidding, the Competitive Sale Process shall be closed, and the Trustee, in consultation with his advisors, shall (i) immediately review each Qualified Bid on the basis of financial and contractual terms and the factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the Proposed Sale, and (ii) immediately determine, in the Trustee's reasonable discretion, the highest or otherwise best offer for the Acquired Assets (the "Successful Bid") and the entity submitting such Successful Bid (the "Successful Bidder"). The Trustee shall notify the Qualified Bidders participating in the Competitive Sale Process of the Successful Bid and the Successful Bidder upon making its determination. The Trustee shall also notify the Qualified Bidders participating in the Competitive Sale Process of the next highest and best Qualified Bid (the "Back-Up Bid" and the party submitting the Back-Up Bid, the "Back-Up Bidder"). The Trustee shall present the Successful Bid to the Bankruptcy Court for approval at the Sale Hearing and may, in his discretion, request authority to consummate a sale to the Back-Up Bidder on the terms of the Back-Up Bid to the extent the Successful Bidder fails to close the contemplated sale transaction as required by the Agreement and Sale Order.

After the Competitive Sale Process is closed, the Bankruptcy Court will not reopen the Competitive Sale Process or accept additional Bids unless it finds there were irregularities at the Competitive Sale Process that warrant such action.

8

**Failure to Close**

In the event the Successful Bidder fails to consummate a sale with the Trustee as a result of the Successful Bidder's default or breach under the applicable purchase agreement in accordance with the terms of such purchase agreement by the closing date contemplated in such purchase agreement, the Trustee shall: (i) retain any Good Faith Deposit submitted by the Successful Bidder as liquidated damages; and (ii) be authorized, but not required, to enter into a new purchase agreement with the Back-Up Bidder on the terms of the Back-Up Bid without further order of the Bankruptcy Court.  The Back-Up Bid shall remain open until the first business day following the consummation of a sale transaction with the Successful Bidder.

**Consent to Jurisdiction as Condition to Bidding**

All Qualified Bidders at the Competitive Sale Process shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court, and Qualified Bidders shall be deemed to waive any right to a jury trial in connection with any disputes relating to the Competitive Sale Process and/or the construction and enforcement of the Qualified Bidder's Bid and related transaction documents, as applicable.

<u>**Acceptance of Successful Bid**</u>

The Trustee shall sell the Acquired Assets to the Successful Bidder upon the approval of the Successful Bid by the Bankruptcy Court after the Sale Hearing. The Trustee's presentation of a particular Qualified Bid to the Bankruptcy Court for approval does not constitute the Trustee's acceptance of the bid.  The Trustee will be deemed to have accepted a Bid only when the Bid has been approved by the Bankruptcy Court in an Order approving the sale that is acceptable to the Trustee and the Successful Bidder.

9

### Bid Protections

To the extent the Prospective Purchaser is entitled to the Bid Protections pursuant to the terms of the Agreement and the Bidding Procedures Order, such payment shall be made from the proceeds of the sale to the Successful Bidder upon the closing of such sale.

### Sale Hearing

The Sale Hearing shall be conducted by the Bankruptcy Court on June 30, 2016 at 11:30 am (prevailing Eastern Time). The Prospective Purchaser or other Successful Bidder, as applicable, as well as the Back-Up Bidder, must either satisfy counterparties to Assigned Agreements on adequate assurance of future performance prior to the Sale Hearing, or produce a competent witness at the Sale Hearing (and any subsequent hearing) to provide testimony, if necessary, to establish adequate assurance of future performance under the Assigned Agreements to be assigned to such bidder, to the extent required by Section 365(b) of the Bankruptcy Code.

### Return of Good Faith Deposit

The Good Faith Deposits of all Qualified Bidders shall be held in an interest-bearing escrow account by the Trustee's counsel, Klehr Harrison Harvey Branzburg LLP. The Deposit of the Prospective Purchaser, or the Good Faith Deposit of the Successful Bidder or the Back-Up Bidder, as applicable, shall be applied to the purchase price of such transaction at Closing. All Good Faith Deposits (together with interest accrued thereon) shall be returned to each Qualified Bidder not selected by the Seller as either the Successful Bidder or the Back-Up Bidder within three (3) business days of the closing of the Competitive Sale Process. The Good Faith Deposit (together with interest accrued thereon) of the Back-Up Bidder shall be returned within three (3) business days following the closing of the transaction with the Prospective Purchaser or other Successful Bidder (other than the Back-Up Bidder), as applicable.

10

## Modifications

The Trustee expressly reserves the right to modify the Bidding Procedures. Moreover, the Trustee, upon notice to the parties set forth above and those parties that have demonstrated an interest in bidding on the Acquired Assets, expressly reserves the right to: (a) waive terms and conditions set forth herein with respect to any or all Potential Bidders; (b) impose additional terms and conditions with respect to any or all Potential Bidders; (c) extend the deadlines set forth herein; (d) cancel the sale of the Acquired Assets and/or the Sale Hearing in open court without further notice; and (e) amend the Bidding Procedures as he may determine to be in the best interests of the Debtor's estate, or to withdraw the Motion at any time with or without prejudice, provided, however, (i) that the terms of the Bidding Procedures with respect to the acceptance of the Prospective Purchaser's Bid as a Qualified Bid may not be amended or modified by the Trustee; and (ii) in the event the Trustee withdraws the Motion from consideration by the Court, the Prospective Purchaser shall be entitled to the Bid Protections in accordance with the Bidding Procedures Order.

11

**Exhibit "2"**
The Sale Notice

1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LAWRENCE SCHIFF SILK MILLS, INC., | : | Case No. 16-12396 (JKF) |
| | : | |
| Debtor | : | |

### NOTICE OF BID DEADLINE, COMPETITIVE SALE PROCESS, AND SALE HEARING IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS

NOTICE IS HEREBY GIVEN, as follows:

On June 10, 2016, William G. Schwab, Chapter 11 Trustee (the "Trustee") for the Estate of Lawrence Schiff Silk Mills, Inc. (the "Debtor"), filed a motion (the "Bidding Procedures Motion") with the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court") seeking approval of, among other things (i) certain bidding procedures (the "Bidding Procedures") and bidding protections in connection with the sale of substantially all of the Debtor's assets (the "Acquired Assets"); (ii) certain procedures to determine cure amounts and deadlines for objections to the assumption of contracts and leases by the Trustee and the assignment of such contracts and leases to the purchaser of the Acquired Assets; and (iii) related relief. By order dated June 15, 2016, the Court approved the Bidding Procedures and the Bidding Procedures Motion (the "Bidding Procedures Order"). A copy of the Bidding Procedures Order is annexed hereto as Exhibit "A."

The Trustee has entered into an asset purchase agreement (the "Agreement") with CSS Industries, Inc. (the "Prospective Purchaser") for the sale of the Acquired Assets free and clear of all liens, security interests, encumbrances, claims and other interests to the maximum extent permitted by Section 363 of Title 11 of the United States Code (the "Bankruptcy Code"). However, as set forth in the Bidding Procedures, the sale of the Acquired Assets remains subject to competing offers from any prospective bidder that submits a Qualified Bid (as defined in the Bidding Procedures attached to the Bidding Procedures Order).

All interested parties are invited to submit a Qualified Bid and to make offers to purchase the Acquired Assets in accordance with the terms of the Bidding Procedures and the Bidding Procedures Order. The deadline to submit Qualified Bids (the "Bid Deadline") is June 28, 2016 at 4:00 p.m. (prevailing Eastern Time).

Pursuant to the Bidding Procedures Order, the Trustee may conduct a competitive sale process (the "Competitive Sale Process") for the sale of the Acquired Assets at 10:00 a.m. Prevailing Eastern Time on June 29, 2016 by telephone.

Objections, if any, to the proposed Sale (defined below), including, without limitation, to the sale of the Acquired Assets free and clear of liens, claims, encumbrances and all other

interests pursuant to Section 363(f) of the Bankruptcy Code, shall: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Pennsylvania; (c) be filed with the Clerk of the United States Bankruptcy Court for the Eastern District of Pennsylvania, 900 Market Street., Suite 400, Philadelphia, PA 19107, at or before the time set for the Sale Hearing (the "Objection Deadline"); and (d) be served so as to be **received** by the Objection Deadline by: counsel to the Trustee, Klehr Harrison Harvey Branzburg LLP, 1835 Market Street, Suite 1400, Philadelphia, PA 19103, Attn: Richard M. Beck, Esquire; counsel to the petitioning creditors, Kurtzman Steady, LLC, 401 S. 2nd Street, Suite 301, Philadelphia, PA 19147, Attn: Jeffrey Kurtzman, Esquire; the Office of the United States Trustee, 833 Chestnut Street, Suite 500, Philadelphia, PA 19107; and counsel to the Prospective Purchaser, William G. Kiesling, Vice President—Legal and Licensing and General Counsel, CSS Industries, Inc., Interchange Corporate Center, 450 Plymouth Road, Suite 300, Plymouth Meeting, PA 19462.

The Court has set a hearing for June 30, 2016 at 11:30 a.m. (prevailing Eastern Time) (the "Sale Hearing") at which the Trustee intends to seek approval of the sale of the Acquired Assets free and clear of all liens, security interests, encumbrances, claims and other interests to the maximum extent permitted by Section 363 of the Bankruptcy Code (the "Sale") to the Prospective Purchaser pursuant to the terms of the Agreement, or to such other successful bidder or bidders for the Acquired Assets (the "Successful Bidder"), as determined through the Competitive Sale Process, in accordance with the Bidding Procedures. The Sale Hearing will be held before the Honorable Jean K. FitzSimon, United States Bankruptcy Judge, in Court Room 3, United States Bankruptcy Court, Robert N.C. Nix, Sr. Federal Courthouse, 900 Market Street, Philadelphia, Pennsylvania. At the Sale Hearing, the Bankruptcy Court may enter such orders as it deems appropriate under applicable law and as required by the circumstances and equities of this Chapter 11 case.

Requests for a copy of the Agreement or for any other information concerning the sale of the Acquired Assets should be directed by written request to the Trustee's counsel, Corinne Samler Brennan, Esquire, Klehr Harrison Harvey Branzburg LLP, 1835 Market Street, Suite 1400, Philadelphia, PA 19103, Telephone: 215-569-3393; Fax Number: 215-568-6603; Email cbrennan@klehr.com.

**Exhibit "A"**
Bidding Procedures Order

**Exhibit "3"**
Assumption and Assignment Notice

1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LAWRENCE SCHIFF SILK MILLS, INC., | : | Case No. 16-12396 (JKF) |
| | : | |
| Debtor | : | |

**NOTICE OF TRUSTEE'S INTENT TO ASSUME AND ASSIGN CERTAIN
LEASES AND EXECUTORY CONTRACTS AND FIXING OF CURE AMOUNTS**

NOTICE IS HEREBY GIVEN, as follows:

1.    On June 10, 2016, William G. Schwab, Chapter 11 Trustee (the "Trustee") for the Estate of Lawrence Schiff Silk Mills, Inc. (the "Debtor"), filed a motion (the "Bidding Procedures Motion") with the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court") seeking approval of, among other things (i) certain bidding procedures (the "Bidding Procedures") and bidding protections in connection with the sale of substantially all of the Debtor's assets (the "Acquired Assets"); (ii) certain procedures to determine cure amounts and deadlines for objections to the assumption of contracts and leases by the Trustee and the assignment of such contracts and leases to the purchaser of the Acquired Assets; and (iii) related relief. By order dated June 15, 2016, the Court approved the Bidding Procedures and the Bidding Procedures Motion (the "Bidding Procedures Order"). A copy of the Bidding Procedures Order is annexed hereto as Exhibit "A."

2.    The Court has set a hearing for June 30, 2016 at 11:30 a.m. (prevailing Eastern Time) (the "Sale Hearing") at which the Trustee intends to seek approval of the sale (the "Sale") of the Acquired Assets free and clear of all liens, security interests, encumbrances, claims and other interests to the maximum extent permitted by Section 363 of Title 11 of the United States Code (the "Bankruptcy Code") to the Prospective Purchaser pursuant to the terms of the Agreement, or to such other successful bidder or bidders for the Acquired Assets (the "Successful Bidder"), as determined via a Competitive Sale Process (the "Competitive Sale Process"), to be held by the Trustee in accordance with the Bidding Procedures.

3.    The Debtor is a party to various executory contracts and unexpired leases (collectively, the "Contracts") and, at the Sale Hearing, the Trustee will seek approval of the assumption and assignment of certain Contracts (collectively, the "Assumed Contracts") to the Prospective Purchaser or other Successful Bidder pursuant to Section 365 of the Bankruptcy Code. **You have been identified as a party to a Contract that the Trustee may seek to assume and assign.** The Contract with respect to which you have been identified as a non-Debtor party and the corresponding proposed cure amount to be paid in connection with such assumption and assignment under Section 365 of the Bankruptcy Code (the "Cure Amount") are

set forth on Exhibit "B" annexed hereto. Evidence of adequate assurance of future performance is set forth on Exhibit "C" annexed hereto.

4. The Trustee believes that all defaults and actual pecuniary losses under the Assumed Contracts that are required to be cured will be cured in full by the payment of the Cure Amount.

5. Objections to the proposed assumption and assignment of the Assumed Contracts ("Objection"), including, but not limited to, Objections to the proposed Cure Amounts, and/or adequate assurance of future performance under the Assumed Contract shall: (a) be in writing; (b) as applicable, state with specificity (i) the Cure Amount that you believe is required and/or (ii) the adequate assurance of future performance that you believe is required; (c) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Pennsylvania; (d) be filed with the Clerk of the United States Bankruptcy Court for the Eastern District of Pennsylvania, 900 Market Street., Suite 400, Philadelphia, PA 19107, by **4:00 p.m. (prevailing Eastern Time) on June 29, 2016** (the "Objection Deadline"); and (e) be served so as to be **received** by the Objection Deadline by the following parties (the "Service Parties"): counsel to the Trustee, Klehr Harrison Harvey Branzburg LLP, 1835 Market Street, Suite 1400, Philadelphia, PA 19103, Attn: Richard M. Beck, Esquire; counsel to the petitioning creditors, Kurtzman Steady, LLC, 401 S. 2nd Street, Suite 301, Philadelphia, PA 19147, Attn: Jeffrey Kurtzman, Esquire; the Office of the United States Trustee, 833 Chestnut Street, Suite 500, Philadelphia, PA 19107; and counsel to the Prospective Purchaser, William G. Kiesling, Vice President—Legal and Licensing and General Counsel, CSS Industries, Inc., Interchange Corporate Center, 450 Plymouth Road, Suite 300, Plymouth Meeting, PA 19462.

6. In the event any other Qualified Bid is received by the Trustee, the Trustee shall serve upon you further evidence of adequate assurance of future performance by any Qualified Bidder in accordance with the Bidding Procedures Order. Objections based upon adequate assurance of future performance with respect to any such Qualified Bidder shall (a) be in writing; (b) state with specificity the adequate assurance of future performance that you believe is required; (c) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Pennsylvania; (d) be filed with the Clerk of the United States Bankruptcy Court for the Eastern District of Pennsylvania, 900 Market Street., Suite 400, Philadelphia, PA 19107, at or before the time set for the Sale Hearing (the "Qualified Bid Objection Deadline"); and (e) be served so as to be **received** by the Qualified Bid Objection Deadline by the Service Parties.

7. Unless an Objection is timely filed and served, the assumption, sale and assignment of the applicable Assumed Contract will proceed without further notice.

8. If the non-Debtor party to any Assumed Contract does not object to the Trustee's assumption, sale and assignment of such Contract including with respect to the applicable Cure Amount to be paid, such non-Debtor party to such Contract is not required to take any further action.

9.      Any person or entity receiving this Notice that fails to file and serve an Objection on a timely basis (a) shall be forever enjoined and barred from seeking any additional amount on account of the Debtor's cure obligations under Section 365 of the Bankruptcy Code or otherwise from the Trustee, the Debtor, its estate, or the Prospective Purchaser or other Successful Bidder and shall be deemed to have consented to the proposed assumption and assignment; and (b) upon approval by the Court of the assumption and assignment to the Prospective Purchaser or other Successful Bidder of the Assumed Contracts, shall be deemed to have waived any right to object, consent, condition or otherwise restrict any such assumption and assignment.

10.     A hearing on any Objections shall be held (a) at the Sale Hearing, or (b) at such other date prior to or after the Sale Hearing as the Court may designate upon request by the Trustee.

11.     The Trustee's decision to assume and assign the Assumed Contracts is subject to the Court's approval and consummation of the Sale.  Absent consummation of the Sale, each assumed Contract shall **not** be deemed either assumed or assigned and shall in all respects be subject to further administration under the Bankruptcy Code. The designation of any agreement as an Assumed Contract shall not constitute or be deemed to be a determination or admission by the Trustee or the Prospective Purchaser or other Successful Bidder that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

12.     The Trustee reserves the right to remove any Contract from any proposed asset sale and to withdraw the request to assume and assign any such Contract at any time prior to closing on the Sale.

PHIL1 5398771v.1

**Exhibit "A"**
Bidding Procedures Order

**Exhibit "B"**
Assumed Contract and Cure Amount Schedule

| Counter Contract Party | Contract Type | Cure Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

5

**Exhibit "C"**
Prospective Purchaser Adequate Assurance Information