IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LAWRENCE SCHIFF SILK MILLS, INC., | : | Case No. 16-12396 (JKF) |
| | : | |
| Debtor | : | |

**ORDER AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, AND GRANTING RELATED RELIEF**

Upon the Motion[1] of the Trustee for entry of an order pursuant to Sections 105, 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, and 9014 authorizing the Trustee to, *inter alia*, (i) sell substantially all of the Debtor's assets outside the ordinary course of business pursuant to that certain first amended asset purchase agreement (the "Agreement"), attached as Exhibit "A" hereto, (ii) sell the Acquired Assets free and clear of all Liens, Claims, Encumbrances and Interests (each as defined below), with such sale to be in accordance with the terms and conditions of the Agreement, and (iii) assume and assign certain executory contracts and unexpired leases to the Prospective Purchaser or Successful Bidder, as applicable (the "Purchaser"); and this Court having entered an order dated June 15, 2016 (the "Bidding Procedures Order") approving certain procedures governing the bidding and sale process for the Acquired Assets (the "Bidding Procedures") and authorizing the Trustee to conduct the

---

[1] Capitalized terms used but not otherwise defined herein shall have those meanings ascribed to them in the motion for entry of: (a) the Bidding Procedures Order, (i) approving the Bidding Procedures, (ii) approving stalking horse asset purchase agreement, (iii) scheduling the Sale Hearing and setting objection and bidding deadlines with respect to the Sale, (iv) approving the Competitive Sale Process, (v) establishing procedures to determine cure amounts and deadlines for objections to the assumption and assignment of the Assumed and Assigned Agreements, and (vi) granting related relief; and (b) the Sale Order, (i) authorizing the Sale of substantially all of the Debtor's assets outside the ordinary course of business, (ii) authorizing the Sale free and clear of liens, claims, encumbrances, and interests, (iii) authorizing the assumption and assignment of the Assumed and Assigned Agreements, and (v) granting related relief (the "Motion"), the Agreement, as amended, or the Bidding Procedures Order, as applicable. To the extent of any inconsistency, this Order shall govern.

1

Competitive Sale Process to promote and obtain higher or otherwise better offers for the Acquired Assets, establishing a date for the Competitive Sale Process, and approving the form and manner of notice of the Competitive Sale Process, the Sale Hearing, and the Assumption and Assignment Notice in connection with the Agreement (including notice of proposed Cure Amounts); and the Court having duly established the date of the Sale Hearing; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(b)(2) and 1334; and consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b); and the appearance of all interested parties and all responses and objections to the Motion having been duly noted in the record at the Sale Hearing held by the Court on June 30, 2016; and upon the record at the Sale Hearing, and all other pleadings and proceedings in this case, including the Motion; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and all other parties in interest; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND, DETERMINED AND CONCLUDED THAT:**[2]

A.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.  The Court has jurisdiction over this matter and over the property of the Debtor's estate, including the Acquired Assets to be sold, transferred or conveyed pursuant to the

---

[2] All findings of fact and conclusions of law announced by the Bankruptcy Court at the Sale Hearing in relation to the Motion are hereby incorporated to the extent not inconsistent herewith.

2

Agreement, pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this Chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.     The Acquired Assets constitute property of the Debtor's estate and title thereto is vested in the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code.

D.     The statutory predicates for the relief sought in the Motion and the bases for the approvals and authorizations herein are Sections 105 and 363 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, and 9014.

E.     Notwithstanding Bankruptcy Rule 6004(h), the parties may consummate the transactions provided for under the terms and conditions of the Agreement immediately upon entry of this Order. To the extent necessary under Bankruptcy Rule 9014 and Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order.

F.     As evidenced by the certificates of service filed with the Court, proper, timely, adequate, and sufficient notice of the Motion, the Competitive Sale Process, and the Sale Hearing have been provided in accordance with Sections 102(1) and 363(b) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9006, 9007, 9008 and 9014, the Local Rules of this Court, and the requirements of the Bidding Procedures Order. No other or further notice of the Motion, the Competitive Sale Process, the Sale Hearing, or of the entry of this Order is necessary or required.

G.     Actual written notice of the Motion, the Competitive Sale Process, and the Sale Hearing, and a reasonable opportunity to object or be heard regarding the requested relief, has been afforded to all interested persons and entities, including, without limitation, (i) the Office of

the United States Trustee; (ii) counsel to the Petitioning Creditors; (iii) all taxing authorities having jurisdiction over any of the Acquired Assets subject to the sale, including the Internal Revenue Service; (iv) any parties that have requested special notice pursuant to Bankruptcy Rule 2002; (v) counsel to the Prospective Purchaser; and (vi) all potential bidders previously identified or otherwise known to the Debtor or the Trustee (collectively, the "Notice Parties").

H.    All parties interested in bidding on the Acquired Assets were provided sufficient information to make an informed judgment on whether to bid on the Acquired Assets.

I.    The sale of the Acquired Assets is an appropriate exercise of the Trustee's sound and reasonable business judgment and in the best interests of the Debtor, its estate and its creditors.

J.    The Trustee has full power and authority to execute the Agreement and all other documents contemplated thereby. No consents or approvals, other than as may be expressly provided for in the Agreement, are required by the Trustee to consummate such transactions.

K.    The Trustee and his professionals have complied, in good faith, in all respects with the Bidding Procedures Order. The Trustee gave due and proper consideration to all bids for the Acquired Assets submitted in accordance with the Bidding Procedures and, at all times material hereto, the Trustee conducted the sale process in accordance with the Bidding Procedures and: (i) afforded interested potential buyers a full, fair, and reasonable opportunity to qualify as bidders and submit their highest or otherwise best offer to purchase the Acquired Assets; (ii) provided potential buyers, upon request, with sufficient information to enable them to make an informed judgment on whether to bid on the Acquired Assets; and (iii) considered any bids in accordance with the Bidding Procedures.

L.   As demonstrated by the evidence proffered or adduced at the Sale Hearing and the representations of counsel made on the record at the Sale Hearing, the Trustee has adequately marketed the Acquired Assets.

M.   The offer of the Purchaser, upon the terms and conditions set forth in the Agreement, including the form and total consideration to be realized by the Trustee pursuant to the Agreement, (i) is the highest and best offer received by the Trustee for the Acquired Assets; (ii) is fair and reasonable; (iii) is in the best interests of the Debtor's creditors and estate; and (iv) constitutes full and adequate consideration and reasonably equivalent value under the Bankruptcy Code, and under any other the laws of the United States, any state, territory, possession, or the District of Columbia. The Trustee's determination that the Agreement and the price to be paid for the Acquired Assets in connection thereto represents the highest and best offer for the Acquired Assets constitutes a valid and sound exercise of the Trustee's business judgment.

N.   The offer submitted by the Purchaser, as embodied in the Agreement, was the highest and best offer for the Acquired Assets, and the purchaser is the "Successful Bidder" for the Acquired Assets in accordance with the Bidding Procedures and the Bidding Procedures Order.

O.   The Total Consideration constitutes: (a) reasonably equivalent value under the Bankruptcy Code and the Uniform Fraudulent Transfer Act; (b) fair consideration under the Uniform Fraudulent Conveyance Act; and (c) under any other applicable laws of the United States, any state, territory, possession or the District of Columbia, reasonably equivalent value, fair consideration and/or fair value for the Acquired Assets.

P.  The Agreement was negotiated, proposed and entered into by and between the Trustee and the Purchaser without collusion, in good faith, and from arm's-length bargaining positions. Neither the Trustee nor the Purchaser have engaged in any conduct that would prevent the application of Section 363(m) of the Bankruptcy Code, nor have they engaged in any conduct that would cause the Agreement to be avoided under Section 363(n) of the Bankruptcy Code. The Purchaser is a buyer in good faith, as that term is used in the Bankruptcy Code and the decisions thereunder, and is entitled to the protections and immunities of Section 363(m) of the Bankruptcy Code with respect to all of the Acquired Assets and in consummating the transaction that is the subject of the Agreement. The Purchaser is not an "insider" of the Debtor, as that term is defined under Section 101(31) of the Bankruptcy Code.

Q.  In the absence of a stay pending appeal, the Purchaser will be acting in good faith, pursuant to Section 363(m) of the Bankruptcy Code, in closing the transactions contemplated by the Agreement at any time on or after the entry of this Order, and cause has been shown as to why this Order should not be subject to the stay provided for by Bankruptcy Rule 6004(h).

R.  The Purchaser would not enter into the Agreement to purchase the Acquired Assets other than through a sale of such Acquired Assets free and clear of all liens, including, without limitation, all "liens" as defined in Section 101(37) of the Bankruptcy Code, ("Liens"), claims, including, without limitation all "claims" as defined in Section 101(5) of the Bankruptcy Code ("Claims"), Encumbrances (as such term is defined in Section 1.1 of the Agreement), and interests of any kind or nature, as such term is used in Section 363(f) of the Bankruptcy Code ("Interests").

S.  The Trustee has satisfied the standards set forth in Section 363(f) of the Bankruptcy Code in order to sell the Acquired Assets free and clear of any applicable Liens,

Claims, Encumbrances, and Interests. To the extent any Liens, Claims, Encumbrances, and/or Interests exist, all such Liens, Claims, Encumbrances, and/or Interests shall attach to the consideration to be received by the Trustee pursuant to the Agreement in the same priority and subject to the same defenses and avoidability, if any, as before the Closing. All persons or entities holding any such Liens, Claims, Encumbrances, and/or Interests of any kind or nature, whatsoever against the Debtor or the Acquired Assets shall be forever barred, estopped and permanently enjoined from pursuing or asserting such Liens, Claims, Encumbrances, and/or Interests against the Purchaser, any of its assets, property, successors or assigns, or against the Acquired Assets.

T. Not selling the Acquired Assets free and clear of all Liens, Claims, Encumbrances, and Interests would adversely impact the Debtor's estate and would result in substantially less value to the Debtor's estate, as the Purchaser would not (and will not) enter into the Agreement to purchase the Acquired Assets otherwise.

U. Upon Closing, the transfer of the Acquired Assets to the Purchaser will be a legal, valid, and effective transfer of the Acquired Assets, and, except as may be otherwise provided for in the Agreement, shall vest the Purchaser will all of the Debtor's rights, title and interest in and to the Acquired Assets free and clear of any and all Liens, Claims, Encumbrances, and/or Interests. Except as specifically provided for either in this Order or the Agreement, the Purchaser shall not assume, be responsible for, or become liable for, any Liens, Claims, Encumbrances, and/or Interests relating to the Acquired Assets.

V. The Purchaser shall have no obligations with respect to any liabilities of the Debtor other than its obligations under and pursuant to the Agreement.

W.   The transactions contemplated by the Agreement do not amount to a consolidation, merger, or *de facto* merger of either the Purchaser and the Debtor and/or its estate, particularly as there is no substantial continuity between the Purchaser and the Debtor, no continuity of enterprise between the Purchaser and the Debtor, and the Purchaser is not a mere continuation of either the Debtor or its estate.

X.   Except as expressly provided for in the Agreement, the transfer of the Acquired Assets to the Purchaser does not, and will not, subject the Purchaser to any liability by any reason of such transfer under: (i) the laws of the United States, any state, territory, possession or the District of Columbia based in whole or in part on any theory of antitrust, environmental, products liability, successor or transferee liability, labor and employment law, *de facto* merger, or substantial continuity; or (ii) any employment contract, understanding or agreement, including, without limitation, any collective bargaining agreement, employee pension plan, or employee welfare or benefit plan.

Y.   Sufficient cause has been shown to support that this Order not be subject to any stay provided by Bankruptcy Rule 6004(h).

Z.   The Motion complies with all aspects of Local Rule 6004-1.

**NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.   The relief requested in the Motion is GRANTED in its entirety, subject to the terms and conditions contained herein.

2.   Any and all objections or responses to the Motion, formal or otherwise, are resolved in accordance with the terms of this Order and as set forth in the record of the Sale Hearing. To the extent any such objection or response was not otherwise withdrawn, waived, or settled, it is OVERRULED and DENIED on the merits in all respects.

## Approval of Sale and Transfer of Assets

3. The sale of the Acquired Assets, the terms and conditions of the Agreement (including all schedules and exhibits affixed thereto), and the transactions contemplated thereby are authorized and approved in all respects.

4. The sale of the Acquired Assets and the consideration to be paid by the Purchaser pursuant to the Agreement are fair and reasonable and shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and/or any other applicable law. Moreover, the sale of the Acquired Assets is not subject to avoidance, and no damages may be assessed against the Purchaser, pursuant to Section 363(n) of the Bankruptcy Code.

5. The Purchaser is hereby granted all of the protections of a Purchaser in good faith under Section 363(m) of the Bankruptcy Code. Accordingly, if any or all of the provisions of this Order are hereafter reversed, modified, or vacated by a subsequent order of this Bankruptcy Court or any other court, such reversal, modification, or vacatur shall not affect the validity and enforceability of any transfer under the Agreement or any obligation or right granted pursuant to the terms of this Order (unless stayed pending appeal).

6. The Trustee and all other persons or entities having duties or responsibilities under the Agreement are hereby authorized to execute, consummate and implement the terms of the Agreement, together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the Agreement, this Order and sale of the Acquired Assets, and to take any and all further actions as may be necessary or as may reasonably be requested by the Purchaser for such purposes, without any further corporate action or orders of this Court. However, the Purchaser shall have no obligation

to proceed with the Closing until all conditions precedent to its obligations to do so have been met, satisfied, or waived.

7. All persons or entities in possession of any assets of the Debtor are directed to: (a) forthwith return possession of such assets to the Trustee and his counsel in order to facilitate the transfer of assets to the Purchaser at the Closing; and (b) do and perform such tasks, sign such documents, or provide such information with respect to the Acquired Assets as may be required for Closing on the sale to Purchaser contemplated by this Order.

8. The Trustee is further authorized and empowered to: (i) carry out the provisions of the Agreement; (ii) take any and all actions contemplated by the Agreement; (iii) issue, execute, deliver, file and record, as appropriate, any documents necessary to evidence and/or consummate the Agreement; and (iv) cause to be filed with the secretary of state of any state or other applicable officials of any applicable governmental units, any and all certificates, agreements, amendments or other documents necessary or appropriate to effectuate the transactions contemplated by the Agreement, any related agreements and this Order. The execution of any such document or the taking of any such action shall be, and hereby is, deemed conclusive evidence of the authority of such person to so act.

9. Except to the extent specifically provided in the Agreement or this Order, the Trustee shall be, and hereby is, authorized and empowered pursuant to Sections 105, 363(b), and 363(f) of the Bankruptcy Code, to sell the Acquired Assets to the Purchaser upon the terms set forth in the Agreement.

10. Effective as of the closing of the sale transaction with respect to the Acquired Assets (the "Closing"), (a) the sale of the Acquired Assets by the Trustee to the Purchaser shall constitute a legal, valid, and effective transfer of the Acquired Assets, and shall vest the

PHIL1 5531072v.3

Purchaser with all right, title and interest of the Debtor in and to the Acquired Assets, free and clear of all Liens, Claims, Encumbrances, and Interests pursuant to Section 363(f) of the Bankruptcy Code, whether arising before or after the filing of the Debtor's bankruptcy case, with all such Liens, Claims, Encumbrances, and Interests to attach to the proceeds of the sale with the same protection, priority, validity, force, and effect, if any, as they had in the Acquired Assets immediately prior to the Closing, subject to all claims and defenses the Debtor may possess with respect thereto as of the date of the Closing, and (b) the assumption of any Assumed Liabilities (as such term is defined in the Agreement) by the Purchaser shall constitute the legal, valid, and effective delegation of any Assumed Liabilities to the Purchaser and divests the Debtor of all liability with respect to any Assumed Liabilities.

11.    The provisions of this Order authorizing the sale of the Acquired Assets free and clear of Liens, Claims, Encumbrances, and Interests and assumption of the Assumed Liabilities, shall be self-executing, and neither the Trustee, any third party, nor the Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order.

12.    All entities that are presently, or as of the Closing may be, in possession of some or all of the Acquired Assets are hereby directed to surrender possession of said Acquired Assets to the Purchaser upon Closing.

13.    On or before the Closing, all parties claiming any Liens, Claims, Encumbrances, or Interests of any kind against the Acquired Assets are authorized and directed to execute such documents and to take all other actions as may be necessary to release such Liens, Claims, Encumbrances, or Interests to the extent that the terms of this Order are not sufficient for any such release. If any person or entity that has filed financing statements or other documents or

agreements evidencing any Liens, Claims, Encumbrances, or Interests in or against the Acquired Assets shall not have delivered to the Trustee prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all such Liens, Claims, Encumbrances, or Interests that such person or entity has with respect to the Acquired Assets, the Trustee is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to such Acquired Assets prior to the Closing, and the Purchaser is authorized to file such documents after Closing.

14. To the greatest extent available under applicable law, the Purchaser shall be authorized, as of the Closing Date, to operate under any license, permit, registration, and governmental authorization or approval of the Debtor with respect to the Acquired Assets, and all such licenses, permits, registrations and governmental authorizations and approvals are deemed to have been, and hereby are, directed to be transferred to the Purchaser as of the Closing.

15. Upon the occurrence of the Closing: (i) this Order shall be considered and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the Acquired Assets acquired by the Purchaser under the Agreement and/or a bill of sale or assignment transferring good and marketable, indefeasible title, and interest in the Acquired Assets to the Purchaser; and (ii) all of the Debtor's interests in and to the Acquired Assets shall be transferred and vested in the Purchaser.

16. Except as expressly provided in the Agreement or this Order, the Purchaser is not assuming, nor shall it be in any way liable or responsible, as a successor or otherwise, for any liabilities, debts, or obligations of the Debtor in any way whatsoever relating to or arising from

the Debtor's ownership or use of the Acquired Assets prior to the consummation of the transactions contemplated by the Agreement, which liabilities, debts, and obligations are hereby extinguished insofar as they may give rise to liability, successor or otherwise, against the Purchaser, other than the Assumed Liabilities.

17. Notwithstanding any provision of this Order to the contrary, the Trustee shall be permitted to remove any contract from the Assumption and Assignment Notice at any time prior to Closing, and any contracts so removed by the Trustee shall not be deemed to be Assumed and Assigned Agreements under this Order. In the event any contracts are removed by the Trustee from the Assumption and Assignment Notice, the Trustee shall file an amended Assumption and Assignment Notice and serve such amended notice on the Contract Party with respect to any contract so removed no later than one (1) business day after the date of the Closing. The Trustee shall have no obligation to assume any contract removed from the Assumption and Assignment Notice prior to Closing and shall not be obligated to pay any Cure on account of such removed contract.

## Additional Provisions

18. Each and every federal, state, and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement and this Order.

19. Pursuant to Section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the Acquired Assets sold, transferred or conveyed to the Purchaser on account of the filing or pendency of the Debtor's bankruptcy case or the consummation of the transaction contemplated by the Agreement.

20. The Purchaser has not assumed and is not obligated for any of the Debtor's liabilities other than the Assumed Liabilities, or as otherwise set forth in the Agreement or this Order, and the Purchaser has not purchased any of the Excluded Assets. Consequently, all persons, governmental units, and all holders of Liens, Claims, Encumbrances, or Interests based upon or arising out of liabilities retained by the Debtor are hereby enjoined from taking any action against the Purchaser or the Acquired Assets, including asserting any setoff, right of subrogation or recoupment of any kind, to recover any Liens, Claims, Encumbrances, or Interests, other than Assumed Liabilities pursuant to the Agreement. All persons holding or asserting any interest in the Excluded Assets are hereby enjoined from asserting or prosecuting such Liens, Claims, Encumbrances, or Interests against the Purchaser or the Acquired Assets for any liability associated with the Excluded Assets.

21. The Purchaser shall not be deemed a "successor" to the Debtor or its estate by reason of any theory of law or equity or under any statute, and the Purchaser shall not assume, nor be deemed to assume, or in any way be responsible for, any liability or obligation of any of the Debtor or its estate, including, but not limited to, any bulk sales law, successor liability, or similar liability, except as otherwise expressly provided in the Agreement or this Order, and the Motion contains sufficient notice of such limitation.

22. Except to the extent expressly included in the Assumed Liabilities, pursuant to Sections 105 and 363 of the Bankruptcy Code, all persons and entities, including, but not limited to, the Debtor, its equity holders, employees, agents, and any and all creditors asserting or holding a Lien, Claim, Encumbrance, or Interest of any kind or nature whatsoever against, in or with respect to any of the Debtor or the Acquired Assets in any way relating to the operation of the Debtor's business prior to the Closing Date or the transfer of the Acquired Assets to the

Purchaser, shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such Lien, Claim, Encumbrance, or Interest, whether by payment, setoff, or otherwise, directly or indirectly, against the Purchaser or any affiliates, successors or assigns thereof and each of its respective current and former officers, directors, attorneys, employees, affiliates, financial or other advisors and representatives (each of the foregoing in its individual capacity), or the Acquired Assets. For the avoidance of doubt, the foregoing shall not prevent the Trustee or his successors or permitted assigns from pursuing claims, if any, against the Purchaser and/or its successors and assigns in accordance with the terms of the Agreement.

23. Subject to the terms of the Agreement, the Agreement and any related agreements may be modified, amended, or supplemented by agreement of the Trustee and the Purchaser without further action or order of the Bankruptcy Court; _provided_, _however_, that any such modification, amendment, or supplement is not material and substantially conforms to the Agreement and any related agreements.

24. The failure specifically to include any particular provision of the Agreement or any related agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Bankruptcy Court, the Trustee, and the Purchaser that the Agreement and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order prior to Closing.

25. To the extent any provisions of this Order conflict with the terms and conditions of the Agreement, the terms of this Order shall govern and control.

26. Nothing in any order of this Bankruptcy Court or contained in any plan of reorganization or liquidation confirmed in the Debtor's Chapter 11 case, or in any subsequent or converted case of the Debtor under Chapter 7 or Chapter 11 of the Bankruptcy Code, shall alter, conflict with or derogate from the provisions of the Agreement or the terms of this Order.

27. Notwithstanding Bankruptcy Rules 6004 and 7062, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing, and the Motion shall be deemed to have provided sufficient notice of the Trustee's request for relief from stay under Section 362 of the Bankruptcy Code to the extent necessary to implement the terms and provisions of the Agreement and this Order.

28. This Bankruptcy Court shall retain jurisdiction, among other things, to: (i) interpret, implement, and enforce the terms and provisions of this Order and the Agreement, any related documents and any amendments thereto; (ii) decide any disputes concerning this Order, the Agreement or the rights and duties of the parties thereunder or any issues relating to the Agreement and this Order; (iii) protect the Purchaser and the Acquired Assets against any Lien, Claim, Encumbrance, or Interest including, without limitation, to enjoin the commencement or continuation of any action seeking to impose successor liability or bulk sale liability; (iv) enter any additional Orders in aid of or in furtherance of the transactions contemplated by this Agreement and/or to ensure the peaceful use and enjoyment of the Acquired Assets by the Purchaser; (v) compel delivery of the Acquired Assets to the Purchaser; (vi) adjudicate any and all disputes concerning the Trustee or the Debtor's rights, title and interest in and to the Acquired Assets; and (vii) adjudicate any and all disputes concerning alleged pre-Closing Liens, Claims, Encumbrances, or Interests in and to the Acquired Assets, including, without limitation, the

extent, validity, enforceability, priority, and nature of any and all such alleged pre-Closing Liens, Claims, Encumbrances, or Interests.

Dated: _____, 2016

                    BY THE COURT:

                    _____
                    THE HONORABLE JEAN K. FITZSIMON
                    U.S. BANKRUPTCY JUDGE

PHIL1 5531072v.3